1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| RICHARD MARK RICE, ) | No. SA CV 12-1228-R (PLA) |
| ) | |
| Petitioner, ) | |
| ) | **ORDER TO SHOW CAUSE RE LACK OF** |
| v. ) | **EXHAUSTION** |
| ) | |
| SUPERIOR COURT OF CALIFORNIA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

On July 30, 2012, petitioner filed a Petition for Writ of Habeas Corpus (the "Petition"), in which he challenges his 2009 conviction in the Orange County Superior Court under California Penal Code §§ 273.5(a), (e)(1), 667.5, 2933.1, 12022.7(e).  (See Petition at 2-3).  For the reasons expressed below, it appears that the instant Petition is unexhausted.

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).  The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28

1  U.S.C. § 2254(b)(1).  Moreover, if the exhaustion requirement is to be waived, it must be waived

2  expressly by the state, through counsel.  See 28 U.S.C. § 2254(b)(3).

3  Exhaustion requires that petitioner's contentions be fairly presented to the state supreme

4  court even if that court's review is discretionary.  O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119

5  S.Ct. 1728, 144 L.Ed.2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000).

6  Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by

7  invoking one complete round of the State's established appellate review process" in order to

8  exhaust his claims.  O'Sullivan, 526 U.S. at 845.  A claim has not been fairly presented unless the

9  prisoner has described in the state court proceedings both the operative facts and the federal legal

10  theory on which his claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887,

11  130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438

12  (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. California Dep't of

13  Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek,

14  218 F.3d 1017 (9th Cir. 2000).  Petitioner has the burden of demonstrating that he has exhausted

15  available state remedies.  See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

16  Here, it appears that petitioner has not exhausted his state judicial remedies in connection

17  with this matter. (See Petition at 5-6).  Although petitioner states that he appealed his conviction,

18  he concedes that he did not file a Petition for Review with the California Supreme Court.  (See

19  Petition at 5).  Further, he represents that he has not filed any other habeas petitions with respect

20  to the subject conviction.  (Petition at 6).  As the instant Petition appears to be unexhausted, it is

21  subject to being dismissed without prejudice.  Greenawalt v. Stewart, 105 F.3d 1268, 1271, 1273-

22  75 (9th Cir. 1997).

23  Further, a petitioner seeking habeas corpus relief must name the state officer having

24  custody of him or her as the respondent to the Petition.  See Rule 2(a), Rules Governing  Section

25  2254 Cases in the United States District Courts.  This person typically is the warden of the facility

26  in which the petitioner is incarcerated.  Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th

27  Cir. 1994); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam) (explaining

28  that a federal habeas petitioner's immediate custodian is the only party that can actually produce

1  "the body" of the petitioner); <u>Dunne v. Henman</u>, 875 F.2d 244, 249 (9th Cir. 1989) (holding that

2  where a prisoner files a § 2241 petition challenging the manner of execution of his sentence, the

3  "prisoner must name the warden of the penitentiary where he is confined as respondent"). <u>See</u>

4  <u>also</u> <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 895-96 (9th Cir. 1996), <u>as</u> <u>amended</u> (holding that

5  California Director of Corrections may, under certain circumstances, be properly named as a

6  respondent in a habeas action).  Failure to name the correct respondent deprives federal courts

7  of personal jurisdiction. <u>Stanley</u>, 21 F.3d at 360; <u>Dunne</u>, 875 F.2d at 249.  As the current petition

8  names the Orange County Superior Court as the respondent in this matter, the Petition does not

9  name the proper respondent for a habeas proceeding, and this Court lacks jurisdiction to entertain

10  the action.

11          For the foregoing reasons, **no later than August 24, 2012**, petitioner is ordered to show

12  cause why the Petition should not be dismissed without prejudice for failure to exhaust state

13  remedies and for failure to name a proper respondent.  Filing by petitioner of an Amended Petition

14  -- on the Central District of California's form Petition for Writ of Habeas Corpus -- clearly showing

15  that petitioner has exhausted his state judicial remedies and naming a proper respondent shall be

16  deemed compliance with this Order to Show Cause.  **Petitioner is advised that his failure to**

17  **timely respond to this Order will result in the action being dismissed for failure to**

18  **prosecute and follow Court orders.**

19          The Court Clerk is directed to send petitioner a copy of his current Petition, together with

20  blank copies of the forms required when filing a Petition for Writ of Habeas Corpus by a Person

21  in State Custody.  Any Amended Petition or other filing with the Court shall use the case number

22  assigned to this action.

23

24  DATED: August 3, 2012

25                                                    _____
                                                      PAUL L. ABRAMS
                                                      UNITED STATES MAGISTRATE JUDGE
26

27

28

3