1
2
3
4
5
6
7        **UNITED STATES DISTRICT COURT**
8        **CENTRAL DISTRICT OF CALIFORNIA**
9        **SOUTHERN DIVISION**
10
11   RICHARD MARK RICE,                    )    No. SA CV 12-1228-R (PLA)
                                           )
12                      Petitioner,        )
                                           )    **ORDER DISMISSING PETITION FOR**
13            v.                           )    **FAILURE TO EXHAUST STATE REMEDIES**
                                           )    **AND FAILURE TO PROSECUTE**
14   SUPERIOR COURT OF CALIFORNIA,         )
                                           )
15                      Respondent.        )
                                           )
16   _____  )

17           On July 30, 2012, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State

18   Custody, pursuant to 28 U.S.C. § 2254.  Petitioner, who is currently incarcerated at the California

19   Men's Colony in San Luis Obispo, California, alleged that he was sentenced in 2009[1] in the

20   Orange County Superior Court for willful infliction of corporal injury.  (Petition at 2).

21           On August 3, 2012, because it appeared from the Petition that petitioner had not exhausted

22   his state judicial remedies in connection with this matter, the Magistrate Judge ordered petitioner,

23   no later than August 24, 2012, to show cause why the Petition should not be dismissed for failure

24   to exhaust state remedies.  The Magistrate Judge advised petitioner in the August 3, 2012, Order

25   that his failure to timely respond to the Order would result in this action being dismissed for failure

26   to prosecute and failure to follow Court orders.

27
28   _____
     [1]   The Petition does not indicate petitioner's date of conviction.  (See Petition at 2).

On August 16, 2012, the Magistrate Judge received a letter from petitioner in which he stated that he "ha[s] filed to the Orange County Courts pertaining [to] this case" and that "[i]t is [his] understanding that this will be on 'hold' until the state comes up with a[n] answer."  The Magistrate Judge construed the letter as a Motion to Stay the Petition and, on August 27, 2012, **denied** the Motion because he found that petitioner had not demonstrated that he is entitled to a stay.  In that Order, the Magistrate Judge also indicated that "petitioner has not provided the Court with any reason why it should not dismiss the Petition without prejudice as fully unexhausted," and extended the deadline to September 17, 2012, for petitioner to show cause why the Petition should not be dismissed for failure to exhaust state remedies.  In the August 27, 2012, Order, the Magistrate Judge again advised petitioner that his failure to show cause why the Petition should not be dismissed for failure to exhaust state remedies would result in dismissal of the Petition without prejudice for failure to exhaust state remedies, failure to prosecute, and failure to follow Court orders.

**To date, petitioner has not shown cause why the Petition should not be dismissed for failure to exhaust state remedies, and his time to do so has passed.**

## DISCUSSION

It is well established that a district court has authority to dismiss a petitioner's action because of his or her failure to prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss this action due to petitioner's failure to prosecute or comply with Court orders, the Court must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to [respondent]; (4) the public policy favoring disposition of cases on their merits[;] and

(5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal.  Petitioner's conduct in failing to file a response to the Magistrate Judge's August 3, 2012, and August 27, 2012, Orders, that shows cause why the Petition should not be dismissed for failure to exhaust state remedies hinders the Court's ability to move this case toward disposition and indicates that petitioner does not intend to litigate this action diligently.

The third factor -- prejudice to respondent -- also weighs in favor of dismissal.  A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action.  Eisen, 31 F.3d at 1452-53.  Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal.  However, it is petitioner's responsibility to move his case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991).  Petitioner has not discharged this responsibility.  In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh petitioner's failure to comply with Court orders.

The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal.  The Magistrate Judge attempted to avoid dismissal by advising petitioner in the August 3, 2012, Order to Show Cause and in the August 27, 2012, Order that his failure to timely show cause why the Petition should not be dismissed for failure to exhaust state remedies would result in the dismissal of this action.  Nonetheless, petitioner has not shown that he has, in fact, exhausted his state judicial remedies, and that dismissal of this action is therefore not warranted.

/

/

/

1    Taking all of the above factors into account, dismissal for failure to prosecute and follow Court

2 orders is appropriate.  Such a dismissal, however, should not be entered unless petitioner has been

3 notified that dismissal is imminent.  <u>See</u> <u>West Coast Theater Corp. v. City of Portland</u>, 897 F.2d

4 1519, 1523 (9th Cir. 1990).  In this case, petitioner was cautioned about the possibility of dismissal

5 in both the August 3, 2012, and August 27, 2012, Orders.

6    In light of the foregoing, the Court finds that dismissal of this action is appropriate due to

7 petitioner's failure to exhaust state remedies, and failure to prosecute and comply with Court

8 orders.  IT IS THEREFORE ORDERED that this action is **dismissed without prejudice**.

9

10

11

12 DATED:  _Oct. 16, 2012__

    _____

13 HONORABLE MANUEL L. REAL
   UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28